```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA
```

BEVERLY G. SHEPPARD,            )
                                )
            Plaintiff,          )
                                )
v.                              )      Case No. CIV-05-448-KEW
                                )
JO ANNE B. BARNHART,            )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

**OPINION AND ORDER**

Plaintiff Beverly G. Sheppard (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on July 8, 1948 and was 57 years old at the time of the expiration of her insured status. She completed her education through the 12th grade. Claimant has worked in the past as a data entry clerk, production proof reader, shop tailor, personnel manager, secretary, medical secretary, and general merchandise salesperson. Claimant alleges an inability to work beginning March 29, 2003, due to a heart attack and renal failure.

**Procedural History**

On April 23, 2003, Claimant protectively filed for Disability Insurance Benefits under Title II of the Social Security Act (42 U.S.C. § 401 *et seq.*). Her insured status expired on June 30,

2005. Claimant's application for benefits was denied initially and upon reconsideration. A hearing before ALJ Michael A. Kirkpatrick was held on February 8, 2005 in Ada, Oklahoma. By decision dated July 18, 2005, the ALJ found that Claimant was not disabled at any time through the date of the decision. On September 9, 2005, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant's medical conditions were severe, they did not meet a Listing and Claimant retained a residual functional capacity ("RFC") to allow her to perform her past relevant work, which he characterized as "light".

### Errors Alleged

Claimant asserts the ALJ committed error requiring reversal in (1) failing to engage in a function-by-function step four analysis; and (2) failing to consider the effect of Claimant's mental impairments on her ability to perform her past relevant work.

### Step Four Analysis

Claimant challenges the ALJ's finding at step four in the sequential analysis wherein the ALJ determined Claimant could engage in her past relevant work. An ALJ is required to engage in a three phase evaluation at step four – (1) an assessment of the

claimant's residual functional capacity; (2) determine the physical and mental demands of the claimant's past relevant work; and (3) determine the claimant's ability to meet the physical and mental demands of the past relevant work. Winfrey v. Chater, 92 F.3d 1017, 1023-26 (10th Cir. 1996).

Claimant's primary objection to the ALJ's step four analysis surrounds the use of the term "light work" in posing a hypothetical to the vocational expert and in the final decision. It is true that the "RFC must not be expressed initially in terms of the exertional catagories of 'sedentary,' 'light,' 'medium,' 'heavy,' and 'very heavy' work because the first consideration at this step is whether the individual can do past relevant work as he or she actually performed it." Soc. Sec. R. 96-8p. In this case, however, to the extent the ALJ used the term "light work" in his questioning of the vocational expert and in his decision, it is merely used as a descriptor of the ALJ's factual findings concerning Claimant's abilities. As a precursor to using the term, the ALJ describes his findings as to Claimant's ability to carry, lift, stand, walk and sit. (Tr. 26). The ALJ appears to have engaged in the required three-step analysis set forth in Winfrey, albeit in a disorderly but discernable fashion. As a result, this Court cannot find error in the ALJ's step four evaluation and findings.

**Mental Impairments**

Claimant also contends the ALJ failed to consider her mental impairments on her ability to perform her past relevant work. In his decision, the ALJ recognized Claimant experienced anxiety and stress as a result of her heart attack and as a result of the death of several family members. However, the ALJ concluded "the medical evidence demonstrates that claimant's depression and anxiety have been well controlled with the prescribing of medication from her treating physician." (Tr. 21). Indeed, the medical records indicate her physician, James Wight, M.D., prescribed Zoloft for Claimant for anxiety. However, Claimant never took the medication. Thereafter, based upon Claimant's complaints of nervousness and anxiety after her heart attack in March of 2003, Dr. Wight advised her to take the medication previously prescribed. (Tr. 221). Dr. Wight recognized in Claimant's subsequent appointment that her "mood was much better." (Tr. 220). In April of 2003, Claimant denied depression upon inquiry by her cardiologist, Troy Norred, M.D. (Tr. 206). Consequently, the ALJ's conclusion that "[t]here is simply no evidence of restrictions caused by mental impairment" to be well-supported by the medical evidence in the record. (Tr. 21). Because the ALJ correctly found no evidence of restrictions caused by mental impairment, it was not error to include any mental restrictions in his evaluation of Claimant's residual functional capacity.

**Conclusion**

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 26th day of March, 2007.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE